UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RENEE DOWNEY,**<br><br>**Plaintiff,**<br><br>v.<br><br>**WALMART INC., PDC WELLNESS & PERSONAL CARE, JOHN DOE 1-10 (said individuals being unknown and fictitious), JANE DOE 1-10 (said individuals being unknown and fictitious), and XYZ COMPANIES 1-10 (said entities being unknown and fictitious).**<br><br>**Defendants.** | Civ. No. 2:21-cv-18544 (WJM)<br><br>**OPINION** |

In this product liability action, Defendant Parfums de Coeur, Ltd. d/b/a PDC Brands ("PDC") seeks dismissal of Counts III, IV, VI and VII pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. ECF No. 3. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b).

For the reasons stated below, Defendant PDC's motion to dismiss is **granted**. Counts III, IV, VI, and the breach of implied warranty claim in Count VII against PDC are **dismissed with prejudice.** Those counts, in addition to Count V, are also *sua sponte* **dismissed with prejudice** as to Defendant Walmart, Inc. ("Walmart"). The breach of express warranty claim in Count VII is **dismissed without prejudice** as to Defendant PDC and *sua sponte* **dismissed without prejudice** as to Walmart.

I.  Background

Plaintiff Renee Downey ("Plaintiff") purchased PDC's Cantu® brand Argan Oil Leave-In Conditioning Repair Cream ("Product") from a Walmart store located in Cherry Hill, NJ. Compl., ¶ 9, ECF No. 1 at Exh. A. On or about April 2, 2021, about one hour after applying the Product, Plaintiff lit a cigarette, which purportedly caused her hair and facial skin to catch on fire resulting in second and third-degree burns. *Id.* at ¶¶ 12-13.

In August 2021, Plaintiff filed suit a seven-count complaint in state court alleging: strict liability against PDC (Count I); strict liability against Walmart (Count II); failure to

1

warn of a hazard against PDC and Walmart (Count III); failure of the Product to be fit for its "intended purpose" against both Defendants (Count IV); negligence against Walmart (Count V); negligence against PDC (Count VI); and breach of express and implied warranties against both Defendants (Count VII). On October 13, 2021, the action was removed to federal court by PDC on the basis of diversity jurisdiction. ECF No. 1.

PDC now moves to dismiss Counts III, IV, VI, and VII against it. For the reasons discussed below, Defendant PDC's motion to dismiss is **granted**. Counts III, IV, V, VI, and the breach of implied warranty claim in Count VII are **dismissed with prejudice.** The breach of express warranty claim in Count VII is **dismissed without prejudice.**

**II.    Discussion**

   A.  Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States,* 404 F.3d 744, 750 (3d Cir.2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.,* 542 F.3d 59, 64 (3d Cir. 2008). This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). That is, although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, *see id.* at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). While "[t]he plausibility standard is not akin to a probability requirement' ... it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993); *see also Tellabs, Inc. v. Makar Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

> B. Count III (Failure to Warn of a Hazard), Count IV (Failure to Warn of Hazard When Using Product for Intended Purpose), Count VI (Negligence), Count VII (Breach of Implied Warranty)

In New Jersey, product liability claims are governed by the New Jersey Products Liability Act ("PLA"), which provides:

> A manufacturer or seller of a product shall be liable in a product liability action only if the claimant proves by a preponderance of the evidence that the product causing the harm was not reasonably fit, suitable or safe for its intended purpose because it: a. deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or b. failed to contain adequate warnings or instructions, or c. was designed in a defective manner.

N.J. Stat. Ann. § 2A:58C-2. The PLA governs any "product liability action," which is defined as "*any* claim or action brought by a claimant for harm caused by a product, *irrespective of the theory underlying the claim*, except actions for harm caused by breach of an express warranty." N.J. Stat. Ann. § 2A:58C–1(b)(3) (emphasis added). Consistent with its plain language, it is well settled that the PLA establishes a sole statutory cause of action "encompassing virtually all possible causes of action relating to harms caused by consumer and other products." *In re Lead Paint Litig.,* 191 N.J. 405, 436-37 (N.J. 2007); *Repola v. Morbark Indus., Inc.,* 934 F.2d 483, 492 (3d Cir. 1991) (noting that PLA "effectively creates an exclusive statutory cause of action for claims falling within its purview"); *Port Auth. of New York & New Jersey v. Arcadian Corp.,* 189 F.3d 305, 313 (3d Cir. 1999) (PLA is "'the sole basis of relief under New Jersey law available to consumers injured by a defective product.'" (citing *Repola,* 934 F.2d at 492)).

In Count I, which tracks the language of the PLA, Plaintiff contends that PDC failed to make the Product "reasonably safe, fit, and suitable and safe for its intended or reasonably foreseeable uses," Compl., ¶ 22, and that the Product was not "reasonably safe for its intended purpose because of a failure to adequately warn or instruct," *id.* at ¶ 21. Because Plaintiff asserts a product liability claim under the PLA, PDC argues that the claims of failure to warn (Counts III and IV), negligence (Count VI), and breach of implied warranty (Count VII) are duplicative of and subsumed by Plaintiff's strict liability claim in Count I. The Court agrees.

   1. Failure to Warn

In Count III, Plaintiff alleges that Defendants PDC and Walmart failed to adequately warn her of the potential hazard of the Product when used near flame, heat, or while smoking. Compl., ¶¶ 33-34. Plaintiff asserts in Count IV that both Defendants failed to

3

instruct or warn her of the potential hazards of using the Product for its intended purpose. *Id.* at ¶ 43.

Where, as here, "the facts of a case suggest that the claim is about defective manufacture, flawed product design, or failure to give an adequate warning, then the PLA governs and the other claims are subsumed." *New Hope Pipe Liners, LLC v. Composites One, LCC,* 2009 WL 4282644, at *2 (D.N.J. Nov. 30, 2009); *In re Lead Paint Litig.,* 191 N.J. at 437 (finding that if "essential nature" of claim sounds in products liability, PLA applies and subsumes all other causes of action). Accordingly, Plaintiff's claims against PDC for failure to give adequate warning of the potential hazards of the Product (Counts III and IV) constitute "product liability claims" that are subsumed by the PLA (Count I). Counts III and IV, therefore, are **dismissed with prejudice**.

   2. Negligence and Implied Warranty

Plaintiff alleges against PDC in Count VI and against Walmart in Count V, that Defendants deviated from its standard of care by, *inter alia*: failing to evaluate and investigate the safety of the Product; negligently allowing the Product to be designed, manufactured, marketed, promoted, and sold with a defective condition; failing to identify the defect and remove the Product from market; and failing to warn of the hazards. *Id.* at ¶ 53. Count VII sets forth the theory that Defendants "breached their implied warranty when the product was used for its intended purpose." *Id.* at ¶ 58.

Plaintiff's common law negligence and breach of implied warranty claims are based solely on harm caused by the allegedly defective Product. As such, those claims are also subsumed by the PLA and cannot survive as a matter of law. *See Port Authority of New York and New Jersey,* 189 F.3d at 313 ("negligence is no longer viable as a separate claim for harm caused by a defective product"); *Green v. Gen. Motors Corp.*, 310 N.J. Super. 507, 517 (App. Div. 1998) ("the causes of action for negligence, strict liability and implied warranty have been consolidated into a single product liability cause of action, the essence of which is strict liability."); *Tirrell v. Navistar Intern., Inc.*, 248 N.J. Super. 390 (App. Div. 1991), *cert. denied,* 126 N.J. 390 (1991) ("it is clear that common-law actions for negligence or breach of warranties (except express warranties) are subsumed within" the PLA).

Rather than specifically dispute that failure to warn, negligence, and breach of implied warranty claims are subsumed by the PLA, Plaintiff insists that it is too early for the Court to dismiss those claims because other actions and theories of liability may develop upon further discovery. However, no additional fact discovery will alter New Jersey statutory law that except for a breach of an express warranty claim, *see* discussion below, *any* claim for harm caused by a product is solely a cause of action for product liability under the PLA. *See* N.J. Stat. Ann. § 2A:58C–1(b)(3).

Accordingly, Count VI (negligence) and Count VII (breach of implied warranty) against PDC are **dismissed with prejudice.**

### 3. Claims Against Walmart

For the same reasons noted above, Plaintiff's failure to warn, negligence and breach of implied warranty claims against nonmoving Defendant Walmart are equally subsumed by the PLA and cannot survive as a matter of law. Consequently, the claims against Walmart for failure to warn, negligence, (Counts III, IV, V, VI) and for breach of implied warranty (Count VII) are also **dismissed with prejudice**. *See Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980) ("The district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action."); *see e.g., Romanelli v. DeWeese,* 2011 WL 2149857 (M.D. Pa. June 1, 2011) (dismissing *sua sponte* as to all defendants because complaint necessarily also failed to state claim against even nonmoving defendants); *Sullivan Associates, Inc. v. Dellots, Inc.,* 1997 WL 778976, at *7 (E.D. Pa. Dec. 17, 1997) (dismissing state law claims *sua sponte* against nonmoving defendant where defect raised by moving defendant applied equally to all claims).

### C. Count VII (Breach of Express Warranty)

In addition to a breach of implied warranty allegation, Count VII also charges Defendants with breach of express warranty. Since claims for breach of express warranty are expressly preserved by the PLA, the breach of express warranty claim in Count VII is not subsumed.

Under New Jersey law, in order to state a cause of action for breach of express warranty, Plaintiffs must properly allege: (1) that Defendant made an affirmation, promise or description about the product; (2) that this affirmation, promise or description became part of the basis of the bargain for the product; and (3) that the product ultimately did not conform to the affirmation, promise or description. *New Hope Pipe Liners,* 2009 WL 4282644, at *5; N.J. Stat. Ann. § 12A:2–313. However, "an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty." N.J. Stat. Ann. § 12A:2–313(2). Additionally, statements that are nothing more than mere puffery are not considered specific enough to create an express warranty. *In re Toshiba America HD DVD Marketing and Sale Practices Litigation,* 2009 WL 2940081, at *15 (D.N.J. Sept. 11, 2009) (dismissing a breach of warranty claim based on defendant's statement that HD DVD Players were for "Today, Tomorrow, and Beyond," since the statement is just "puffery").

Plaintiff alleges that PDC and Walmart breached their express warranty "when the representation about the product and its safety failed to protect" Plaintiff. Compl., ¶ 57. Plaintiff claims that she used the Product "with the intent to enhance her natural hair as

5

promoted on the Cantu website." Compl., ¶ 11. These allegations, however, are simply "bald assertions" that fail to identify any specific affirmations or promises by PDC. The breach of express warranty claim against Walmart suffers the same deficiency. Thus, the breach of express warranty claim as pled cannot survive a motion to dismiss. *See Simmons v. Stryker Corp.,* 2008 WL 4936982, at *2 (D.N.J. Nov. 17, 2008) (dismissing a claim that was "devoid of any 'factual matter' to support the existence of an express warranty"); *Parker v. Howmedica Osteonics Corp.,* 2008 WL 141628, at *6 (D.N.J. Jan. 14, 2008) (general references to "press releases" and "assurances of safety," as opposed to specific statements, cannot survive a motion to dismiss); *Heisner v. Genzyme Corp.,* 2008 WL 2940811, at *8–9 (N.D. Ill. July 25, 2008) (claim dismissed where plaintiff failed to specify any particular affirmation or promise by defendant).

The breach of express warranty claim in Count VII is **dismissed without prejudice** as to PDC and is also *sua sponte* **dismissed without prejudice** as to Walmart. Plaintiff may file within 30 days an amended complaint that cures the deficiencies noted in this Opinion and complies with all applicable Local and Civil Rules of Federal Procedure.

### III.   Conclusion

For the reasons noted above, Defendant PDC's motion to dismiss is **granted**. Counts III, IV, V, VI and the breach of implied warranty claim in VII are **dismissed with prejudice** as to Defendants PDC and Walmart. The breach of express warranty claim against PDC and Walmart in Count VII is **dismissed without prejudice**.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

Date: December 13, 2021